UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jermaine Rooks,

            Plaintiff,       Case No. 23-12986

v.                                    Judith E. Levy
                                    United States District Judge

Rushmore Servicing,
                                    Mag. Judge David R. Grand

           Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADING [42], DENYING PLAINTIFF'S LETTER MOTION FOR RECONSIDERATION [56], AND GRANTING PLAINTIFF'S MOTION TO SEAL [50]**

*Pro se* Plaintiff Jermaine Rooks filed the complaint in this matter on November 27, 2023. (ECF No. 1.) In his complaint, Plaintiff appears to take issue with Defendant Rushmore Servicing's handling of his mortgage and seeks to void the mortgage, as well as obtaining other relief. (*Id.* at PageID.6.)

After the complaint and the answer were filed, the parties underwent settlement discussions and informed the Court on April 15, 2025, that they reached a settlement in principal. However, the parties

could not come to a final settlement agreement. In light of these changes, the Court extended the dispositive motion deadline to July 31, 2025. (ECF No. 41.)

Before the Court is Defendant's timely motion for judgment on the pleadings (ECF No. 42), Plaintiff's letter motion for reconsideration (ECF No. 56), and Plaintiff's motion to seal. (ECF No. 50.) For the reasons set forth below, Defendant's motion for judgment on the pleadings is granted, Plaintiff's motion for reconsideration is denied, and Plaintiff's motion to seal is granted.

## I. Plaintiff's letter motion for reconsideration (ECF No. 56)

On September 25, 2025, Plaintiff filed a letter (ECF No. 56), which the Court construes as a motion for reconsideration of the Court's order denying Plaintiff's motion for leave to file an amended complaint.

Plaintiff filed a motion for leave to file an amended complaint on August 4, 2025. (ECF No. 43.) The Court denied that motion on September 9, 2025, because the motion did not include a copy of the proposed amended complaint and because Defendant would be prejudiced by the amendment. (ECF No. 49, PageID.195–197.)

Eastern District of Michigan Local Rule 7.1(h)(2) governs motions for reconsideration of non-final orders, which includes motions for leave to file an amended complaint. As set forth in Rule 7.1(h)(2),

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

Plaintiff's motion for reconsideration is denied. He argues that the Court "overlooked" his proposed amended complaint. (ECF No. 56, PageID.257 ("The one thing that has been overlooked and stated in this order is that there is no amended complaint attached to the Plaintiff's Motion.").) But Plaintiff does not demonstrate that his proposed amended complaint was before the Court at the time of its order. Instead, the proposed amended complaint is attached to his September 12, 2025 filing, three days after the Court's prior order was entered. (*Id.*) As such,

Plaintiff has not demonstrated that the Court made a mistake "based on the record and law before the court at the time of its prior decision." LR 7.1(h)(2)(A).[1]

Additionally, Plaintiff claims that amending his complaint would not unfairly prejudice Defendant. (*See* ECF No. 49, PageID.197.) He states that his motion for leave to amend the complaint was delayed because he "was dealing with an attorney from the legal aid clinic that didn't understand equity . . . . By the time we had an update meeting with the court this year in July, the attorney had resigned." (ECF No. 56, PageID.257.) Plaintiff's explanation does not justify his delay. If Plaintiff believed that his representation was not sufficient, he had ample time to terminate his representation and seek new counsel or represent himself. This case is over two years old. As stated in the Court's previous order,

---

[1] Plaintiff's proposed, amended complaint was filed on September 12, 2025, as an attachment to "Plaintiff's Reply to Defendant Response to Motion for Leave to Amend the Complaint Under Seal and For In Camera Review." (ECF No. 53.) It appears that this document was intended to be a reply to Plaintiff's motion for leave to amend the complaint. However, the document is untimely. Local Rule 7.1(e)(1)(B) sets forth that reply briefs "must be filed within 7 days after service of the response." (*See* ECF No. 47 (stating that "[r]esponse and reply briefs shall be filed in accordance with Eastern District of Michigan LR 7.1(e)").) Here, Plaintiff's reply was filed 29 days after Defendant's response brief was filed. (*See* ECF Nos. 46, 53.) The Court has no obligation to consider the tardy reply and its attachments.

4

"[t]he complaint was filed on November 27, 2023 (ECF No. 1), discovery was to be completed by September 6, 2024 (ECF No. 21), the parties underwent settlement discussions, and dispositive motions were due by July 31, 2025. (ECF No. 41.)" (ECF No. 49, PageID.197.) Permitting amendment at this stage of the case would be prejudicial to Defendant.

As such, Plaintiff's letter motion for reconsideration is denied.

## II. Defendant's motion for judgment on the pleadings (ECF No. 42)

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 42, PageID.152.)

### A. Factual Background

Plaintiff's complaint is sparce and does not set forth detailed factual allegations. In his statement of his claim, he writes, "Defendant has failed to rebut the claim in timely manner. Resulted as a Notary Declaratory Judgment." (ECF No. 1, PageID.5.) In his request for relief, he asks for the Court to:

1. Void the mortgage
2. Release the property to plaintiff
3. Return all proceeds to plaintiff: $81,000.00 + interest
4. Forfeit the CUSIP of the mortgage to the plaintiff

5

     5. Provide a 1099-OID to the plaintiff

(*Id.* at PageID.6.) Plaintiff also states that he "is entitled to claim because defendant has failed to respond to claim (affidavit) in a timely manner." (*Id.*) Plaintiff's complaint sets forth that the basis for federal question subject matter jurisdiction is

> 12 CFR Part 1026 (Regulation Z), 12 C.F.R § 226 et seq. ( "Reg. Z" ) (a) Consumer'[ ]s right to rescind, 12 C.F.R. § 226.23(d) (d) Effects of rescission. 15 U.S.C. 78i Securities Exchange Act of 1934 security fraud, 18 U.S.C. § 1341- Mail fraud, 18 U.S[.]C. § 1343 -Wire fraud, 18 U.S[.]C. § 1344-Bank fraud, 15 U.S. Code Sec 1635(b), 18 U.S.C. § 1956(a)-Money laundering.

(*Id.* at PageID.4.)

In his response to the Court's December 7, 2023 show cause order, Plaintiff attached a number of documents, including a copy of the mortgage and the loan modification agreement.[2] (ECF No. 7, PageID.40–65.) According to these mortgage documents, non-party James L. Rooks signed a mortgage agreement on February 28, 2002 with non-party Mortgage Express, Inc., agreeing to pay $81,000.00 plus interest by March 5, 2032 for a property located at 19659 Spencer St., Detroit,

---

[2] The Court may consider these documents at this stage of the case without converting the motion to a motion for summary judgment because they are referred to in Plaintiff's complaint and are integral to Plaintiff's claims. *Burns v. United States*, 542 F. App'x 461, 466 (6th Cir. 2013).

Michigan 48234. (*Id.* at PageID.40–42.) On February 3, 2021, Plaintiff, as "successor in interest," and Defendant entered into a loan modification agreement regarding the 2002 mortgage agreement for that same property. (*Id.* at PageID.58, 62.)

Plaintiff also attached a document titled "affidavit of truth proof of claim," which is dated June 30, 2023 and addressed to Defendant. (*Id.* at PageID.20–24.) This document appears to be the "claim" or "affidavit" that Plaintiff references in his complaint. It purports to be a "private notice and lawful demand for proof of claim of debt owed and right of rescission." (*Id.* at PageID.20.)

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is assessed "using the same standard that applies to a review of a motion to dismiss under Rule 12(b)(6)." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true,

and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Jackson v. Pro. Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

### C. Analysis

Defendant argues that it is entitled to judgment on the pleadings regarding all of Plaintiff's claims because Plaintiff fails to state a claim. (ECF No. 42.) In Plaintiff's response, he argues that Defendant's motion should be denied because his proposed amended complaint includes "claims in equity for recognition of trust interest, merger of titles, extinguishment of mortgage, and estoppel" and "Defendant's arguments do not defeat equity jurisdiction." (ECF No. 52, PageID.203–204.)

As set forth above, the Court did not permit Plaintiff to amend his complaint to add "claims in equity." *See supra* I. As such, Plaintiff's "claims in equity" cannot be a basis to defeat Defendant's motion for

8

judgment on the pleadings. Additionally, for the reasons set forth below, Defendant's motion for judgment on the pleadings is granted.

### i. Criminal law claims

To the extent Plaintiff brings suit pursuant to the federal criminal laws listed in his complaint (ECF No. 1, PageID.4), Defendant is entitled to judgment as a matter of law because there is no private cause of action for those criminal laws. "Absent a private right of action, a plaintiff cannot recover civilly for violation of a federal criminal statute." *Johanan v. Broaden*, No. 1:24 CV 277, 2024 WL 3904010, at *1 (N.D. Ohio Aug. 22, 2024); *see also Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004).

In his response, "Plaintiff concedes there is no private right of action for criminal fraud statutes." (ECF No. 52, PageID.203.) Thus, Plaintiff's claims brought under criminal statutes are dismissed.[3]

---

[3] Regardless of Plaintiff's concession, there is no private right of action for the criminal laws asserted in Plaintiff's complaint. There is no private right of action for alleged violations of 18 U.S.C. §§ 1341 and 1343. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001). The same is true for 18 U.S.C. § 1344 and 18 U.S.C. § 1956(a). *See Milgrom v. Burstein*, 374 F. Supp. 2d 523, 528–29 (E.D. Ky. 2005) (holding that there is no private right of action for 18 U.S.C. § 1344); *see also Gross v. USAA Corp.*, No. 3:04-0230, 2005 WL 8174895, at *2 (M.D. Tenn. Oct. 12, 2005) (same); *Thomas v. Trott & Trott PC*, No. 10-13775, 2011 WL 576666, at *4 (E.D. Mich. Feb. 9, 2011) ("[18 U.S.C. §] 1956 is a criminal statute and does not incorporate a private cause of

### ii. Securities fraud claim

With regard to Plaintiff's claim for "15 U.S.C. 78i Securities Exchange Act of 1934 security fraud," (ECF No. 1, PageID.4), he has not sufficiently stated a claim.

15 U.S.C. § 78i prohibits a variety of actions that amount to "manipulation of security prices," such as engaging in manipulative short sales or manipulating the stock market. Plaintiff's allegations are insufficient to state a claim under § 78i as his allegations have nothing to do with manipulation of the price of securities. Plaintiff's complaint concerns his mortgage; specifically, he claims that "Defendant has failed to respond to claim (affidavit) in a timely manner." (*See* ECF No. 1, PageID.6.) Plaintiff's sparce allegations do not "contain sufficient factual matter, [even if] accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff's allegations are insufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

action.") (citing *De Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007); *Dubai Islamic Bank v. Citibank*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000)).

10

As such, Plaintiff's claim under 15 U.S.C. § 78i is dismissed.[4]

### iii. *Truth in Lending Act/Regulation Z*

Finally, Plaintiff brings suit pursuant to "12 CFR Part 1026 (Regulation Z), 12 C.F.R § 226 et seq. ( "Reg. Z" ) (a) Consumer'[ ]s right to rescind, 12 C.F.R. § 226.23(d) (d) Effects of rescission" and "15 U.S. Code Sec 1635(b)." (ECF No. 1, PageID.4.) The Court construes this as an allegation that Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and Regulation Z, 12 C.F.R. § 1026, et seq.[5] Specifically, Plaintiff appears to allege that Defendant failed to honor his right to recission pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

A borrower's right to rescind must be exercised by "midnight of the third business day following consummation, delivery of the notice [of the right to rescind], or delivery of all material disclosures." 12 C.F.R. § 226.23(a)(3); *see also* 15 U.S.C. § 1635(a) (stating the same).

---

[4] Plaintiff's response to Defendant's motion for judgment on the pleading addresses his securities fraud claim in a single sentence: "Even if [the securities fraud claim is] not cognizable under *Howey*, the equitable trust claims remain independently sufficient." (ECF No. 52, PageID.203.) Plaintiff's response does not clarity his securities fraud claim. In fact, Plaintiff may have conceded that his securities fraud claim is not cognizable. (ECF No. 52, PageID.203.)

[5] The Court notes that Regulation Z was the implementing regulation of the Truth in Lending Act.

Plaintiff fails to state a claim because his complaint does not contain any allegation that he attempted to exercise his right to rescind any transaction with Defendant. He alleges that "[D]efendant has failed to respond to claim (affidavit) in a timely manner," but does not describe his attempt to exercise his right to rescind such that the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To the extent that Plaintiff attempted to exercise his right to rescind through his document titled, "Affidavit of Truth Proof of Claim," his claim is still insufficient. (ECF No. 7, PageID.20.) Even assuming that Plaintiff had the right to rescind his loan modification agreement, Plaintiff's affidavit is dated June 30, 2023, which is far after the three-business day deadline to rescind his February 3, 2021 loan modification agreement. (*Id.* at PageID.24, 58, 62.) Finally, Plaintiff does not dispute that he did not exercise his right to rescind in a timely manner. (*See* ECF No. 52, PageID.204.)

As such, Plaintiff's TILA/Regulation Z claim is dismissed.

## III. Plaintiff's motion to seal (ECF No. 50)

Plaintiff also requests that the Court seal his Exhibit D, which is Plaintiff's "Amended Bill in Equity." (ECF No. 50, PageID.199–200.) The Court construes this request as pertaining to the documents at ECF No. 53, PageID.219–238, which is Plaintiff's proposed amended complaint and its exhibits.

### A. Legal Standard

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(3)(C)(i).

Even if no party objects to a motion to seal, "[t]here is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citation omitted). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which

13

justify nondisclosure to the public.'" *Id.* at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Additionally, the Court must consider the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.*

### B. Analysis

Plaintiff states that the document "contains confidential trust information and equitable estate matters not intended for public disclosure," and that "public filing would reveal sensitive trust information and personal identifiers protected under Fed. R. Civ. P. 5.2." (ECF No. 50, PageID.199.)

Plaintiff's explanation is insufficient. However, the Court will seal Plaintiff's filing because several pages include what appears to be Plaintiff's mortgage account number. Under Federal Rule of Civil Procedure 5.2, certain information—social security numbers, taxpayer-identification numbers, birth dates, the names of minors, financial account numbers—must be redacted. Out of an abundance of caution, the Court will construe Plaintiff's mortgage account number as a "financial

14

account number" under Rule 5.2 and will seal that filing to protect Plaintiff's financial information.

The Court also finds that the interests supporting public access to Plaintiff's Exhibit D are not strong. Plaintiff's motion for leave to amend the complaint was denied and, as such, these documents are not relevant to the proceedings. Finally, the seal itself is no broader than necessary.

For the reasons set forth above, Plaintiff's motion to seal is granted. ECF No. 53 is sealed.

### IV. Conclusion

For the reasons set forth above, Defendant's motion for judgment on the pleading (ECF No. 42) is GRANTED, Plaintiff's motion to seal (ECF No. 50) is GRANTED, and Plaintiff's motion for reconsideration (ECF No. 56) is DENIED.

IT IS SO ORDERED.

Dated: January 6, 2026      s/Judith E. Levy
Ann Arbor, Michigan        JUDITH E. LEVY
                                           United States District Judge

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 6, 2026.

                                                  s/William Barkholz
                                                  WILLIAM BARKHOLZ
                                                  Case Manager